UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| JOSEPH LEE, | : | | |
| Plaintiff, | : | Civil Action No.: | 09-1832 (RMU) |
| v. | : | Re Document No.: | 3 |
| DISTRICT OF COLUMBIA, | : | | |
| Defendant. | : | | |

**MEMORANDUM OPINION**

DENYING THE DEFENDANT'S MOTION TO DISMISS

**I. INTRODUCTION**

This matter comes before the court on the defendant's motion to dismiss the plaintiff's complaint for failure to state a claim upon which relief can be granted. The plaintiff brings suit against the defendant under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*,[1] challenging the defendant's termination of his employment with the District of Columbia Department of Corrections. The defendant moves to dismiss, asserting that the plaintiff did not timely file his charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") or commence proceedings under District of Columbia law before

---

[1] The ADA was recently amended by the ADA Amendments Act of 2008 ("ADAAA"), Pub. L. No. 110-325, 122 Stat. 3553. The ADAAA became effective on January 1, 2009, but does not apply retroactively to alleged discriminatory conduct that occurred before that date. *Lytes v. D.C. Water & Sewer Auth.*, 572 F.3d 936, 942 (D.C. Cir. 2009); *see also Landgraf v. USI Film Prods.*, 511 U.S. 244, 250 (1994) (noting that retroactivity is considered with regard to the date when the alleged discriminatory conduct occurred). Because the plaintiff was terminated before January 1, 2009, *see infra* Part II, the pre-amendment version of the ADA applies to the plaintiff's claim.

bringing his claim.² Because the court determines that the plaintiff timely filed his charge of discrimination with the EEOC and that he properly instituted proceedings under District of Columbia law, the court denies the defendant's motion to dismiss.

## II. FACTUAL & PROCEDURAL BACKGROUND

Until 2008, the plaintiff had been employed as an officer with the District of Columbia Department of Corrections for approximately twenty years. Compl. ¶¶ 5, 15. On June 25, 2008, the defendant terminated the plaintiff's employment, stating that the plaintiff had fallen asleep on the job in March 2008. *Id.* ¶ 15. According to the plaintiff, he suffers from advanced diabetes, which he claims constitutes a disability under the ADA, and which causes low blood sugar levels, rendering it difficult for him to stay awake. *Id.* ¶¶ 6, 10-11. The plaintiff asserts that he had informed his superiors and the defendant's human resources personnel of his condition prior to his termination. *Id.* ¶ 11.

In February 2008, the defendant assigned the plaintiff to a night shift guarding inmates receiving treatment at Howard University Hospital. *Id.* The plaintiff claims that he informed the defendant that, as a result of his diabetes, he would need to take mid-shift breaks between 1:00 a.m. and 3:00 a.m. to enable him to stay alert. *Id.* The plaintiff states that the defendant refused

---

² The defendant characterizes its second ground for dismissal as both a "failure to exhaust administrative remedies" and a failure to "commence[] state proceedings with the District of Columbia Office of Human Rights prior to filing his charge with the EEOC." Def.'s Mot. at 3, 7. Because the latter characterization is the more accurate statement of the statutory provision on which the defendant relies in making this argument, the court will employ its terminology. *See* 42 U.S.C. § 2000e-5(c) (stating that "no charge may be filed under" federal law "before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated").

this request and that, as a result, he was accused of falling asleep on the job[3] and was therefore terminated.  *Id.* ¶ 14-15.

The plaintiff states that he filed a charge of disability discrimination with the EEOC on or about January 16, 2009, and that after the EEOC issued him a "right to sue" letter, he timely filed a complaint in this court.  *Id.* ¶ 16.  On October 28, 2009, the defendant filed this motion to dismiss, which is now ripe for adjudication.  *See generally* Def.'s Mot.  On October 30, 2009, the plaintiff filed his opposition to the defendant's motion to dismiss.  *See generally* Pl.'s Opp'n.  The defendant did not file a reply in support of its motion.  As the motion is now ripe for adjudication, the court turns to the applicable legal standard and the parties' arguments.

### III.  ANALYSIS

#### A.  Legal Standard for a Motion to Dismiss Under Rule 12(b)(6)

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint.  *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests.  *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing FED. R. CIV. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense to define more narrowly the disputed facts and issues."  *Conley*, 355 U.S. at 47-48 (internal quotation marks omitted).  It is not necessary for the plaintiff to plead all elements of his

---

[3]    The plaintiff does not concede that he in fact fell asleep on the job.  Compl. ¶ 15.

prima facie case in the complaint, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-14 (2002), or "plead law or match facts to every element of a legal theory," *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotation marks and citation omitted).

Yet, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the oft-quoted language from *Conley*, 355 U.S. at 45-56, instructing courts not to dismiss for failure to state a claim unless it appears beyond doubt that "no set of facts in support of his claim [] would entitle him to relief"). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

In resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations – including mixed questions of law and fact – as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003); *Browning*, 292 F.3d at 242. While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Warren v. District of Columbia*, 353 F.3d 36, 40 (D.C. Cir. 2004); *Browning*, 292 F.3d at 242. "Threadbare recitals of the elements of a cause of action,

4

supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

### B. The Court Denies the Defendant's Motion to Dismiss

### 1. The Plaintiff Filed a Timely Charge of Discrimination with the EEOC

The defendant asserts that the plaintiff did not file a timely charge of discrimination with the EEOC. Def.'s Mot. at 6. More specifically, the defendant contends that the plaintiff was required to file his charge within 180 days after the allegedly unlawful employment practice occurred, but that the plaintiff filed his charge 205 days after his termination. *Id.* The plaintiff disagrees with the defendant's view of the applicable time limitation. *See* Pl.'s Opp'n at 1-3. He asserts that the District of Columbia Office of Human Rights ("DCOHR") has a worksharing agreement with the EEOC, creating a 300-day window within which discrimination charges can be filed, and that his filing was therefore timely. *Id.*

The timeliness provisions of the ADA are contained in certain procedural provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, which are incorporated by reference into the ADA, *see* 42 U.S.C. § 12117(a); *Mayers v. Laborers' Health & Safety Funds of N. Am.*, 478 F.3d 364, 368 (D.C. Cir. 2007) (stating that "[t]he ADA incorporates the procedural provisions of Title VII"). An individual asserting a claim under the ADA is generally required to file a charge with the EEOC "within one hundred and eighty days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). But when a worksharing agreement exists between the EEOC and a state or local Fair Employment Practices ("FEP")

agency, the filing window widens to 300 days.[4] *Carter v. George Washington Univ.*, 387 F.3d 872, 879 (D.C. Cir. 2004) (citing 29 C.F.R. § 1601.13(a)(4)(ii)(A)); *Hodge v. United Airlines*, 666 F. Supp. 2d 14, 20 n.5 (D.D.C. 2009) (noting that for Title VII claims, "employees are entitled to a 300-day window when a 'worksharing agreement' exists between the EEOC and a local fair employment practices office")(citing *Akonji v. Unity Healthcare, Inc.*, 517 F. Supp. 2d 83, 91 (D.D.C. 2007))). The DCOHR has entered into such an agreement with the EEOC, and therefore the applicable time limitation for filing a charge of discrimination in the District of Columbia is 300 days. *See Carter*, 387 F.3d at 879 (stating that the plaintiff had "up to 300 days to file" a charge with the EEOC under the Age Discrimination in Employment Act "[s]ince the EEOC had [a worksharing] agreement with the D.C. Office of Human Rights").

The defendant terminated the plaintiff's employment on June 25, 2008, and the plaintiff filed his charge of discrimination with the EEOC on or about January 16, 2009, 205 days later.[5]

---

[4]  More specifically, under 42 U.S.C. § 2000e-5(e)(1), a complaining party in a jurisdiction with state or local anti-discrimination laws has up to 300 days, rather than 180 days, to file a charge of discrimination with the EEOC when the party has "initially instituted proceedings with a State or local agency with authority to grant or seek relief" from the challenged employment practice. Worksharing agreements, which generally provide for "cross-filing" between the EEOC and FEP agencies, satisfy this statutory requirement and thus entitle complaining parties to the 300-day filing limitation. *See, e.g.*, *Schuler v. PricewaterhouseCoopers, LLP*, 514 F.3d 1365, 1372-73 (D.C. Cir. 2008); *Ivey v. District of Columbia*, 949 A.2d 607, 611-12 (D.C. 2008).

[5]  The date a complaining party submits a charge of discrimination to the EEOC is not necessarily the date used to determine timeliness, because the EEOC must allow the FEP agency to proceed under state law before a charge is deemed filed with the EEOC. *See* 29 C.F.R. § 1601.13(a)(3)(ii). But the DCOHR has waived its exclusive jurisdiction during this "deferral" period, *Schuler*, 514 F.3d at 1373, thus permitting the plaintiff's charge to have been deemed filed with the EEOC on the day he actually submitted the charge, *Equal Employment Opportunity Comm'n v. Commercial Office Prods. Co.*, 486 U.S. 107, 112-122 (1988) (holding that because the FEP's waiver of its exclusive jurisdiction "terminated" state proceedings, the charge was deemed filed on the day it was submitted to the EEOC); *see also Banks v. District of Columbia*, 377 F. Supp. 2d 85, 91 (D.D.C. 2005); 29 C.F.R. § 1601.13(a)(4)(ii)(A) (stating that if "the document on its face constitutes a charge within a category of charges over which the FEP agency has waived its rights to the period of exclusive processing . . . the charge is deemed to be filed with the [EEOC] upon receipt of the document").

Thus, because the plaintiff filed his charge within the 300-day limitations period, the defendant's motion to dismiss on grounds of timeliness fails.

### 2. The Plaintiff Properly Instituted Proceedings Under District of Columbia Law, Allowing His Claim to Proceed Under the ADA

The defendant also argues that the plaintiff did not commence proceedings under District of Columbia law[6] before filing a charge of discrimination under the ADA. Def.'s Mot. at 7. The plaintiff responds that the worksharing agreement between the DCOHR and the EEOC obviated the need to file separately under District of Columbia law because his charge of discrimination was "cross-filed" with the DCOHR when he filed it with the EEOC. Pl.'s Opp'n at 4.

In cases in which state or local laws grant relief from discriminatory employment practices, a complaining party cannot file a charge of discrimination with the EEOC seeking relief under federal law "before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated." 42 U.S.C. § 2000e-5(c). As explained *supra* note 6, the D.C. Human Rights Act prohibits employment discrimination in the District of Columbia, and therefore complaining parties must initially proceed under D.C. law before filing charges with the EEOC. The EEOC has, however, entered into a worksharing agreement with the DCOHR, and under the terms of this agreement, charges filed with the EEOC are deemed simultaneously filed with the DCOHR. *See Schuler v. PricewaterhouseCoopers, LLP*, 514 F.3d 1365, 1372-73 (D.C. Cir. 2008); *Fowler v. District of Columbia*, 122 F. Supp. 2d 37, 41-42 (D.D.C. 2000). Generally, after a complaining party files a

---

[6] Although the defendant does not specify under which District of Columbia law the plaintiff purportedly failed to initially proceed, the court presumes that the defendant is referring to the District of Columbia Human Rights Act of 1977, D.C. CODE §§ 2-1401 *et seq.*, which protects D.C. employees from employment discrimination based on their disability.

charge, the EEOC must allow the FEP agency to process it under state or local law before the EEOC can process it under federal law. *See* 42 U.S.C. § 2000e-5(c); 29 C.F.R. § 1601.13(a)(3)(ii), (a)(4)(ii)(B); *see also Fowler*, 122 F. Supp. 2d at 41. This "deferral" period lasts 60 days, or until the FEP agency has terminated the local proceedings, whichever occurs earlier. *Id*. The DCOHR, however, has waived its exclusive jurisdiction over charges during the sixty-day deferral period, *Schuler*, 514 F.3d at 1373, and this waiver has the effect of simultaneously commencing and terminating proceedings under District of Columbia law upon an employee's filing a charge with the EEOC, *Fowler*, 122 F. Supp. 2d at 41-42 (stating that "numerous circuit courts have determined that waivers contained in worksharing agreements automatically commence and terminate state proceedings upon filing with the EEOC"); *see also Equal Employment Opportunity Comm'n v. Commercial Office Products Co.*, 486 U.S. 107, 112-122 (1988) (holding that an FEP's waiver of its exclusive jurisdiction "terminated" state proceedings upon the complainant's filing a charge with the EEOC). Thus, the plaintiff constructively commenced and terminated his proceedings under District of Columbia law immediately upon filing his charge with the EEOC, satisfying the requirement of 42 U.S.C. § 2000e-5(c). As a result, the court denies the defendant's motion to dismiss based on the plaintiff's purported failure to commence proceedings under District of Columbia law before filing his charge with the EEOC.

## IV. CONCLUSION

For the foregoing reasons, the court denies the defendant's motion to dismiss the plaintiff's complaint for failure to state a claim upon which relief can be granted. An Order

8

consistent with this Memorandum Opinion is separately and contemporaneously issued this 25th day of August, 2010.

                                        RICARDO M. URBINA
                                        United States District Judge